Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise, described on the invoice as "ISCO-MAT 'LM' Fl. 9/50 mm with exposure meter," consists of an interchangeable mounted photographic lens and a detachable light meter, each of which is a separate and distinct article, and that the light meter contains a light sensitive unit which is an essential electrical feature, without which the meter will not operate, the claim of the plaintiff was sustained.

No. 69220.—Max Eckardt & Sons Ornament Corp. v. United States, protest 59/4476 (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of plastic paperweights similar in all material respects to those the subject of Abstract 67488, the claim of the plaintiff was sustained.

No. 69221.—Fleming Joffe, Ltd. v. United States, protests 63/8901 and 63/8904 (New York).

Opinion by NICHOLS, J. In accordance with stipulation of counsel that the applicable customs regulations have been complied with establishing that 5,478.50 feet of leather, covered by entry 486851, and 1,012.50 feet of leather, covered by entry 483763, are, in fact, used in the manufacture of boots, shoes, or other footwear, the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, APRIL 7, 1965

No. 69222.—Shalom & Co. et al. v. United States, protests 61/24541, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of plastic cases permanently fitted and furnished with traveling sets similar in use to leather cases and that the principles are the same as those involved in Abstract 64484, the claim of the plaintiffs was sustained.

No. 69223.—Toyoshima & Co., Inc. v. United States, protest 64/17693 (New York).

Opinion by NICHOLS, J. In accordance with stipulation of counsel that the merchandise consists of plastic cases permanently fitted and furnished with traveling sets similar in use to leather cases and that the principles are the same as those involved in Abstract 64484, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, APRIL 7, 1965

No. 69224.—Mannesmann-Meer, Inc. v. United States, protest 61/21107 (New York).

FORD, Judge: The suit listed above challenges the classification of the collector of customs of an importation described on the entry papers variously as a "complete tube welding plant," or a "tube welding machine," under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as an article having as an essential feature an electrical element or device. By virtue of this classification, the merchandise was assessed with duty thereunder at the rate of 13¾ per centum ad valorem.

Plaintiff claims the imported merchandise is properly dutiable under the provisions of said paragraph 353, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, for electrical welding apparatus, instruments, or devices, and, as such, properly subject to duty at the rate of 10½ per centum ad valorem. Alternatively, plaintiff claims that, if the court overrules the claim in the protest for the entire importation, then certain portions of said importation should be classified as parts of welding apparatus, instruments, or devices, carrying the same rate of duty.

The pertinent portions of the statutes involved herein read as follows:

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739, *supra:*

Articles having as an essential feature an electrical element or device, * * *:

\* \* \* \* \* \* \*

Other (* * *) _____ 13¾% ad val.

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

Electrical signaling, welding, and ignition apparatus, instruments (other than laboratory), and devices, finished or unfinished, wholly or in chief value of metal, and not specially provided for_____ 10½% ad val.